```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF IOWA
                        CENTRAL DIVISION


KATHRYN I. PULLMAN,              )
                                 )    No. 4:04-cv-00539-REL-RAW
        Plaintiffs,              )
                                 )
vs.                              )    RULING ON DEFENDANT'S
                                 )    MOTION TO COMPEL
UNITED PARCEL SERVICE, INC.,     )    DISCOVERY
                                 )
        Defendant.               )
```

The above resisted motion [13] is before the Court. This is an FMLA case. UPS served a first set of document requests which sought production of all documents plaintiff believed proved or tended to prove, or disproved or tended to disprove, any allegations in the complaint or answer. The requests also sought production of all documents "relating to the allegations in your complaint or in defendant's answer." The definitions preceding the document requests defined "you" as including plaintiff and her attorney. Plaintiff objected that the requests lacked particularity and called for the disclosure of the opinion work-product of plaintiff's counsel. In an apparent effort to address the particularity objection, UPS served a second set of document requests. In separate requests UPS sought production of "[a]ll documents that you believe prove or tend to prove the allegations contained in" paragraphs 8, 9, 11, 12 and 15 of the complaint. Again by definition "you" expressly includes plaintiff and her attorney. Plaintiff again objected on particularity and work-

product grounds. UPS has filed the present motion to compel response.

Plaintiff's particularity objection is not well taken. Fed. R. Civ. P. 34(b) requires that document requests "describe each [item] with reasonable particularity." A document request is made with reasonable particularity if it gives sufficient information to enable the party to identify responsive documents. St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000); see 7 Moore's Federal Practice § 34.11[3] at 34-29 (3d ed. 2005)("The test is whether a reasonable person would know what documents or things are called for in the request.") The requests call for plaintiff to produce the documents she and her attorney believe prove or tend to prove specific allegations in the complaint as identified in the various requests. They sufficiently place plaintiff on notice of what is called for.

Plaintiff has a point, however, with her opinion work-product objection. The requests not only as a practical matter, but expressly, require counsel to survey the available documents and identify and produce those which counsel believes prove or tend to prove various allegations in the complaint he drafted.

The work-product doctrine as we now know it had its genesis in Hickman v. Taylor, 329 U.S. 495 (1947). The case involved the sinking of a tugboat. The tugboat owners retained an attorney. The attorney interviewed the survivors and took

2

statements from them for the purpose of anticipated litigation. After litigation ensued plaintiff propounded discovery seeking production of the statements taken by the attorney. The attorney refused to produce them and the court of appeals sustained the refusal, holding that the information sought was part of the attorney's work-product. The U.S. Supreme Court affirmed. The Supreme Court reasoned that "it is essential that a lawyer work with a certain degree of privacy, free from unneccesary intrusion by opposing parties and their counsel." 329 U.S. at 511. The court held an attorney's work-product as "reflected . . . in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless tangible and intangible ways" is beyond the reach of an opponent in discovery without adequate justification. Id. at 511-12. Subsequently, two kinds of work-product emerged, ordinary work-product and opinion work-product. The former can be obtained on a showing of necessity, but the latter, consisting of work-product which would reveal the mental impressions, conclusions and opinions or legal theories of an attorney "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances. . . ." Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000); see In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977).

      In Sporck v. Peil, 759 F.2d 312 (3d Cir.), cert. denied, 474 U.S. 903 (1985), defense counsel had selected documents for his

client to examine preparatory to the client's deposition. The opposing party sought production of these documents. The Third Circuit held that the process whereby defense counsel selected and grouped documents for his client to review prior to the deposition was, relying on Hickman, opinion work-product which could not be discovered. Id. at 315-16.

In Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), our court of appeals, citing Sporck, upheld the refusal of corporate in-house counsel to answer questions concerning the existence or non-existence of documents because, having engaged in the selective process of compiling documents, "the mere acknowledgment of the existence of . . . documents would reveal counsel's mental impressions, which are protected as work-product." Id. at 1326. In so doing the court made a point of observing that "[t]he work-product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought processes, opinions, conclusions and legal theories." Id. at 1328. Thus, for the purposes of Fed. R. Civ. P. 26(b)(3) in this circuit

> Documents "prepared in anticipation of litigation" may include business records that were specifically selected and compiled by the other party or its representative in preparation for litigation and that the mere acknowledgment of their selection would reveal mental impressions concerning the potential litigation.

Petersen v. Douglas Co. Bank & Trust Co., 967 F.2d 1186, 1189 (8th Cir. 1992). The Eight Circuit has more recently described its case law on the subject as holding "an attorney's determination as to which documents are important to a case" is protected opinion work-product. Baker, 209 F.3d at 1054; see Simon v. G.D. Searle & Co., 816 F.2d 397, 402 n.3 (8th Cir.), cert. denied, 484 U.S. 917 (1987)(referring to Sporck and Shelton as standing for the proposition that "counsel's mental impressions . . . that certain documents were important or significant. . . ." are work-product).

In order to respond to the document requests here, counsel would have to review his file, evaluate the documents in the file as they pertain to the various allegations which are the subject of the document requests, select and compile those counsel believes are probative of the allegations, and disclose the results to UPS. Clearly the document requests call not only for the production of documents, but counsel's opinion about their worth, an area circumscribed by the Eighth Circuit's opinion work-product case law.

UPS relies principally upon Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512 (D. Minn. 1992). A close reading of that case, however, supports plaintiff's work-product objection. The Mead court rejected opinion work-product objections to document requests seeking discovery of documents on which "a defendant relied when it filed and served" its responsive pleading,

5

viewing the requests as seeking "factual evidentiary material" forming a factual basis for the asserted defenses. Id. at 521. The court drew the line, however, at requests seeking the disclosure of documents upon which defendant Riverwood intended to rely <u>at trial</u> to support its defenses and counterclaim. Id. Said the court:

> . . . The thrust of these Requests is not to discover evidentiary facts, but to discover counsel's evaluation and intent with regard to evidentiary facts. This is patently opinion work-product.

Id. Similarly the thrust of the document requests before this Court which ask counsel to identify documents he believes proves or tend to prove specific allegations appears not so much to discover relevant documents as it is to discover counsel's evaluation of them.

To be sure, the rules provide plenty of opportunities to gain opposing counsel's mental impressions and legal theories about a case. The initial disclosures requirements compel a party to reveal early on what documents it may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(B). Later in the course of the case, the pretrial witness and exhibit disclosure requirements send a clear signal about what evidence opposing counsel considers to be important. Fed. R. Civ. 26(a)(3). Along the way answers to contention interrogatories, depositions, expert disclosures, dispositive motions and responses to them, requests for admissions, and all the other tools available to plumb the other side's case

all inferentially tend to reveal what opposing counsel is thinking. However, the rules stop short of permitting, and indeed expressly require courts to protect against, court-ordered disclosure of work-product which would reveal "the mental impressions, conclusions, opinions, or legal theories of an attorney . . . ." Fed. R. Civ. P. 26(b)(3). It follows that the discovery rules do not authorize a party to seek disclosure of opposing counsel's evaluation of the evidence as these requests do.

The motion to compel is **denied** as the requests are improper in form in seeking the disclosure of opinion work-product. No fees or expenses are awarded in consequence of the denial of the motion. The motion presented a legitimate issue appropriate for judicial determination and in the circumstances it would be unjust to make an award of expenses. Fed. R. Civ. P. 37(a)(4)(B).

IT IS SO ORDERED.

Dated this 25th day of August, 2005.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE